Per Curiam.

Section 3513.191, Revised Code, as enacted effective January 1, 1954, read as follows:
“No person shall be a candidate for nomination at a party primary if at the next preceding primary election he registered or voted as a member of a different political party.” (Emphasis added.)
The section was amended effective January 1, 1956, to read as follows:
“No person shall be a candidate for nomination or election at a party primary if he voted as a member of a different political party at any primary election within the next preceding four calendar years." (Emphasis added.)
Relator contends that Section 3513.191, Revsied Code, as effective in 1954, granted him a right to be a Democratic candidate within one year after he announced his position by voting a Democratic ballot in 1954; that in 1955 he was qualified by his act to be a Democratic candidate; that by the amendment of Section 3513.191, effective in 1956, the General Assembly took away a substantial vested right guaranteed relator under the 1954 statute; and that such statute as amended is retroactive in effect and unconstitutional.
Restrictive statutory provisions relating to the nomination of party candidates for public office constitute an exercise of police power (State, ex rel. Webber, v. Felton, 77 Ohio St., 554, 84 N. E., 85), and a provision forbidding the nomination by a political party of a nonmember is valid (State, ex rel. Murphy, v. Graves, Secy. of State, 91 Ohio St., 36, 109 N. E., 590).
The statute in question provides for disqualification of party candidates at primary elections on and after January 1, 1956, and does not violate any constitutional provision with reference to retroactive legislation. It is not retroactive simply because the test involves a time factor extending prior to the effective date of the amendment. The test is to be applied to future cases, i. e., cases after its effective date.
*193 The amendment of the statute has not deprived relator of a vested right. There is no vested right in an existing statute, which precludes its amendment or repeal. Sandusky City Bank v. Wilbor, 7 Ohio St., 481.
Eelator has not shown a clear legal right to have his name appear upon the Democratic primary ballot as a candidate for the office he seeks, and a writ of mandamus is, therefore, denied.

Writ denied.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Tart, JJ., concur.